Çary v. Marston.

[ONONDAGA GENERAL TERM, April 4, 1865. *Mullin, Morgan, Bacon* and *Foster*, Justices.]

---

CARY and others, Commissioners of Highways &c., *vs.* MARSTON.

Commissioners of highways, who have paid the juror's fees and other costs of a reassessment of the damages of a land owner, occasioned by laying out a road through his lands, on appeal by them from the original assessment, upon which appeal the amount of the assessment is reduced, can maintain an action to recover such costs of the land owner.

The statute (*Laws of* 1857, *ch.* 455, § 7,) is to be so construed as to include within its meaning the commissioners, when they are successful on the appeal, as well as the other party, when he succeeds.

Where, in an action brought by persons suing as commissioners of highways, to recover the costs of a reassessment, there is some evidence given of their being such commissioners, and no question as to their being such was raised before the justice, either while the trial was progressing, or on a motion that was made for a nonsuit; and no such ground of appeal to the county court was specified; nor does it appear that any such question was raised before the county court; and the whole case shows that the plaintiffs were treated, through the whole trial, as commissioners of highways; it is too late, on appeal, to disturb the judgment of the county court on the ground that they were not such commissioners.

APPEAL from a judgment of the Oneida county court, affirming a judgment rendered before a justice of the peace of said county.

*White & Lalor*, for the appellants.

*W. O. Merrill*, for the respondents.

Cary *v.* Marston.

*By the Court,* FOSTER, J.   The action was brought by the plaintiffs, as commissioners of highways of the town of Marcy, to recover the costs of an appeal from an assessment made by commissioners, for the damages of the defendant, in laying out a public road through his lands in said town.

It appeared on the trial that a highway was laid out through the lands of the defendant, and that commissioners duly appointed for that purpose assessed his damages at $80; that from that assessment the commissioners of highways appealed, and the damages were reassessed, by a jury, pursuant to the provisions of the act of 1847, chapter 455, at the sum of $3.   The costs of the reassessment, being the fees of the jurors, including those not sworn; of the constable who served the venire or summons upon the jurors; and of the town clerk and justice, amounted to $12.98, which it appeared had been paid by the plaintiffs.   Upon this evidence the justice rendered a judgment against the defendant for $12.23 of damages, together with costs of suit.   The defendant appealed to the county court of Oneida county, where the judgment of the justice was affirmed, and the defendant brought his appeal therefrom to this court.

The main question is whether the plaintiffs, who have paid the jurors' fees and other costs of the reassessment, can maintain an action to recover them of the defendant; or whether, as the defendant contends, each person entitled to fees for his services, can alone maintain an action therefor.

The statute in question, section 7, declares that when the reassessment is for a smaller amount of damages than was allowed by the assessment appealed from, the party for whom the damages were assessed shall pay the *costs* thereof; and that when the original assessment is increased, the town shall pay the costs.   And it further provides that when two or more persons shall apply for a

Cary *v.* Marston.

reassessment, the jury shall be obtained in conformity with the notice first served, "and all *persons* who may be liable for *costs* under this section, shall be liable in proportion to the amount of damages respectively assessed to them by the first assessment, and they may be recovered in an action of assumpsit, at the suit of any *person* or *persons* entitled to the same, before a justice of the peace."

It will be noticed that the statute speaks of *costs*. It is the *costs* which are to be paid by the party, and not the *fees*. It will hardly be supposed, unless the language of the statute necessarily requires it, that the legislature intended that the justice, constable, town clerk and each of the twelve jurors summoned, should have a separate action against the party whose damages were reduced. Much less, that in the case of two or more claimants appealing, and where it is provided that they shall pay the costs in proportion to the amount of their respective original assessment, the justice, constable and jurors should have an action against each of them for their proportion of his fees.

It seems to me that the only sensible construction of the statute, if the words "person or persons" does not prevent it, is to include within its meaning the commissioners, when they are successful on the appeal, as well as the other party, when he succeeds.

As a general rule, the word "person," when used in a statute, will include corporations. (*The People* v. *Utica Ins. Co.*, 15 *John.* 358, 381, 382, *and cases cited. The State of Indiana* v. *Woram*, 6 *Hill*, 33, 38. *People ex rel. Dayton* v. *May*, 27 *Barb.* 238.)

The point is taken here that there was no proof that the plaintiffs were the commissioners of highways of the town of Marcy, and that consequently they were not entitled to recover. No such question was raised before the justice, either while the trial was progressing, or on the motion that was made for a nonsuit. And no such ground of ap-

peal to the county court was specified; nor does it appear that any such question was raised before the county court.

There was some evidence given of their being commissioners, and had any such question been made before the justice, it is to be presumed the objection would have been obviated by more formal proof. The whole case shows that they were treated through the whole trial as the commissioners of the town; and it is too late now, in my opinion, to disturb the judgment on that ground.

I think the judgment of the county court should be affirmed.

[ONONDAGA GENERAL TERM, April 4, 1865. *Mullin, Morgan, Bacon* and *Foster*, Justices.]